**Majd KAM–ALMAZ, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 09–007C.**

United States Court of Federal Claims.

Jan. 7, 2011.

Bruce W. McLaughlin, Law Offices of Bruce W. McLaughlin, PLC, Leesburg, Virginia, attorney of record for Plaintiff.

Sean Dunn, Department of Justice, Washington, D.C., for Defendant.

## ORDER/OPINION

BASKIR, Judge.

Plaintiff seeks compensation for losses occasioned by the seizure of his laptop computer by U.S. Customs agents. Plaintiff has failed to offer a valid theory of recovery in this Court, so we **GRANT the Government's Motion to Dismiss.**

### I. Introduction

According to an editorial in The New York Times of November 15, 2010, during an 18–month period between 2008 and 2010, some 3,000 returning Americans had their laptop computers seized and their contents examined by U.S. Customs. Moreover, as was the case with Mr. Kam Almaz, U.S. Customs agents may freely share the data from those computers—personal and business records, web-site visits, email—again without a warrant or even reasonable suspicion. Challenges in District Court to these Fourth Amendment exceptions have not been successful. The New York Times calls for legislative limits on the Government's right to access and share computer data. Such legislation would presumably not help Mr. Kam Almaz, who has a more prosaic complaint—he seeks compensation for losses he suffered from damage to the computer and its data while in the possession of U.S. Customs.

### II. Background

The following facts are taken from Plaintiff's Complaint and Amended Complaint, as well as from the parties' briefs. Plaintiff alleges the Government breached an implied-

in-fact bailment contract or effected an uncompensated taking when it seized Plaintiff's business laptop computer and flash disks.

On April 7, 2006, Agent Craig Moldowan, of the U.S. Immigration and Customs Enforcement Division (ICE) of the U.S. Department of Homeland Security, seized Plaintiff's Hewlett–Packard Pavilion laptop computer and flash disks at the Dulles International Airport in Loudoun County, Virginia. Plaintiff alleges that Agent Moldowan stated the laptop would be seized for "no more than seven days." Plaintiff also alleges that he received a document receipt on a Customs Form 6051D that stated "shipments may be detained for up to thirty (30) days, unless statutory authority of interagency agreement mandates that a longer period of time is required or the imports/exporter/subject requests a longer detention period through the Port Director."

Plaintiff requested that he be permitted to make a full copy of the files on his computer, but Agent Moldowan denied this request. Plaintiff did not have any other backup copies of the files on his computer.

The Government withheld the laptop until June 21, 2006, some ten weeks. During this time, Plaintiff on several occasions repeated his request to copy the files on the computer. These requests were also denied. While in ICE custody, the computer crashed. This resulted in permanent damage to the Plaintiff's operating software, his data files, and the software warranty. Plaintiff claims damages for equipment and warranty costs; replacement hardware, software, and warranty; and lost contract costs totaling $469,480.00.

Plaintiff filed his Complaint on January 5, 2009, and an Amended Complaint on January 25, 2010. Defendant filed a Motion to Dismiss on June 30, 2010, that argued Plaintiff's claims should be dismissed for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## III. Discussion

### A. Standard of Review

The Rules of the U.S. Court of Federal Claims (RCFC) Rule 12(b)(6) state that the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," thus containing sufficient factual content on which a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plausibility standard "asks for more than a sheer possibility that [the] defendant has acted unlawfully." *Id.* Though the Court must accept the alleged factual allegations to be true, the trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50. A complaint must also state a "plausible claim for relief," meaning that the factual allegations "plausibly suggest an entitlement to relief." *Id.*

RCFC Rule 12(b)(1) states that the Court may dismiss a complaint for lack of subject matter jurisdiction. Generally, this Court possesses jurisdiction to entertain monetary claims founded upon the Takings Clause of the United States Constitution, statutes, regulations, or contracts. 28 U.S.C. § 1491(a)(1); *see United States v. Mitchell*, 463 U.S. 206, 215–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The statutory or constitutional claims a plaintiff asserts must be "money-mandating" to come within the jurisdiction of this Court. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.

### B. Breach of Contract Claim

Plaintiff's claim for breach of contract must be dismissed for failure to state a claim because Plaintiff fails to plead facts in his Complaint that establish an implied-in-fact bailment contract. To prove an implied-in-fact contract, Plaintiff must establish (1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the govern-

ment in contract. *Hanlin v. United States,* 316 F.3d 1325, 1328 (Fed.Cir.2003). A bailment is a type of contract whereby "an owner, while retaining title, delivers personalty to another for some particular purpose.... The relationship includes a return of the goods to the owner or a subsequent disposition in accordance with his instructions." *Lionberger v. United States,* 371 F.2d 831, 840 (Ct.Cl.1967).

■ The Complaint fails to allege sufficient facts to find a bailment in a number of aspects. Plaintiff contends that both the oral promise to return the computer within seven days and the signed Customs Form 6051D stating that the computer would be returned within thirty days gave rise to an implied promise to use due care during the alleged bailment. Am. Compl. at ¶ A(a). However, these Government promises do not give rise to a bailment. First, the Complaint does not allege that Plaintiff "deliver[ed] personalty" to the Government. *Lionberger,* 371 F.2d at 840. Rather, the property was seized. *See, e.g.* Am. Compl. at ¶ A. Second, the Complaint does not allege that the computer would be returned "in accordance with [Plaintiff's] instructions." *Lionberger,* 371 F.2d at 840. Moreover, there are no facts in the Complaint demonstrating an explicit promise that the goods would be guarded or carefully handled. *See Hatzlachh Supply Co. v. United States,* 7 Cl.Ct. 743, 747 (1985) (holding no implied bailment created when plaintiff could not point to any "promise, representation or statement that [plaintiff's] goods would be guarded or carefully handled pending resolution of the forfeitures incurred").

■ Furthermore, the Complaint fails to allege facts demonstrating the parties' mutual intent. The "purely unilateral act" of seizing a person's personal property does not evidence intent to enter into a bailment contract. *Alde, S.A. v. United States,* 28 Fed.Cl. 26, 31 (1993). Moreover, the Complaint describes the Government's actions as a "seizure." *See, e.g.* Am. Compl. at ¶ A. The oral promise to return the computer in seven days and the Customs Form 6051D are not enough to overcome the unilateral nature of the transaction. *See Husband v. United*

*States,* 90 Fed.Cl. 29, 37 (2009) (no bailment despite a government receipt given to Plaintiff at the time of seizure). Plaintiff involuntarily gave up his property because he did not have any choice but to accept the Government's actions; the Court cannot find the mutual intent necessary to form a contract.

■ In addition to these several deficiencies, any one of which is fatal to Plaintiff's cause, the Complaint also lacks the necessary allegations of Agent Moldowan's authority to enter into a bailment contract. A government officer must have actual authority to enter into a contract, and this authority either explicitly arises through a provision in the Constitution, a statute, or a regulation, or implicitly arises when such authority is an integral part of the officer's duties. *McAfee v. United States,* 46 Fed.Cl. 428 (2000). The Complaint does not cite any provisions demonstrating an authority to contract, nor does it cite facts showing that the authority to contract was integral to Agent Moldowan's duties as a Custom's Agent.

C. Takings Claim

■ Plaintiff's takings claim must be dismissed for failure to state a claim because property seized and retained pursuant to the police power is not taken for a "public use" within the context of the takings clause. *AmeriSource Corp. v. United States,* 525 F.3d 1149, 1153 (Fed.Cir.2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause"); *Seay v. United States,* 61 Fed.Cl. 32, 35 (2004) ("[I]tems properly seized by the Government under its police power are not seized for 'public use' within the meaning of the Fifth Amendment.")

The police power encompasses Customs' ability to seize and retain property if the officer has "reasonable cause to believe that any law or regulation enforced by Customs and Border Protection or Immigration and Customs Enforcement has been violated." 19 C.F.R. § 162.21.

■ Plaintiff argues that the laptop was not seized according to the police power but rather according to an "administrative

border search for security purposes." Pl. Resp. at 6. However, agents do not have authority to seize property without having "reasonable cause to suspect a violation of law," and thus, agents cannot randomly seize property for general security purposes as Plaintiff argues occurred in this case. *See* 19 C.F.R. § 162.21. If property could be randomly seized without reasonable cause, Plaintiff might argue that such a seizure was for a "public use"—to protect the general welfare. However, this argument must fail given the limit on seizure authority granted in 19 C.F.R. § 162.21 and the lack of any facts in Plaintiff's Complaint demonstrating an administrative search and seizure.

 If Agent Moldowan did not have "reasonable cause" to believe a violation of the law occurred, the seizure would have been unlawful and unauthorized. First, this Court does not have jurisdiction to hear claims contesting the lawfulness of a search and seizure because due process and Fourth Amendment claims are reserved to the District Court. *LeBlanc v. United States,* 50 F.3d 1025 (Fed.Cir.1995). Second, this Court only possesses jurisdiction to consider takings claims that arise "as the direct, natural, or probable result of an *authorized* activity" by Government officials. *Ridge Line, Inc. v. United States,* 346 F.3d 1346, 1355 (Fed.Cir.2003) (emphasis added).

Finally, even if the Government's action was authorized and the taking was based on an "unreasonable delay" in returning the property, Plaintiff's claim must still fail for lack of jurisdiction. *See* Am. Compl. at ¶ C(b). Though an owner of property has a due process right to have the government either return seized property or initiate forfeiture proceedings, a claim of damages for delay in returning seized property is again a due process claim that must be heard in District Court. *See Acadia Technology, Inc. v. United States,* 458 F.3d 1327 (Fed.Cir.2006) (citing *United States v. Eight Thousand Eight Hundred & Fifty Dollars,* 461 U.S. 555, 564–67, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *United States v. $7,990.00 in U.S. Currency,* 170 F.3d 843, 846 (8th Cir.1999)).

In *Acadia,* Plaintiffs argued that a seizure of its goods for four years was a compensable taking based on unreasonable delay. The Court disagreed. The Plaintiff could bring a due process claim for delay in District Court, but the Due Process Clause is not a money-mandating provision conferring jurisdiction on this Court. *See also James v. Caldera,* 159 F.3d 573, 581 (Fed.Cir.1998).

## IV. Conclusion

For the foregoing reasons, **Defendant's Motion to Dismiss is GRANTED.** The Clerk is directed to **enter judgment for the Defendant and DISMISS the Complaint.** Parties are to bear their own costs.

**IT IS SO ORDERED.**