Hildra Lavon **JONES, III, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 11–561C.**

United States Court of Federal Claims.

March 15, 2012.

Hildra Lavon Jones, III, Leesburg, VA, pro se.

John H. Bennett, Attorney, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Scott D. Austin, Assistant Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General, Civil Division.

## OPINION

HORN, Judge.

The case currently before the court was filed by Hildra Lavon Jones, III, a *pro se* plaintiff and, at the time he filed the above captioned complaint, a prisoner at the Lou-

doun County Adult Detention Center in Leesburg, Virginia. Plaintiff filed a request to proceed *in forma pauperis,* which was granted. Although the complaint is captioned against the United States, plaintiff asserts claims against five "Agency's," some of which appear to be State agencies and some of which may be agencies of the Federal government, including, according to the plaintiff, "The Department of Health Education and Welfare (H.E.W.), Department of Justice (D.O.J.), Immigration and Naturalization Service (IN.S.) [sic] Benefits Review Board (B.R.B.) and Civil Service Commission (C.S.C.)." Plaintiff seeks $44,588,024.00 in damages in "Cash and Gold ... Land equipment and Choice of Supplys [sic]," and plaintiff would "like to be able to raise his only daughter a [sic] let her know both her parents." [1] Defendant responds that plaintiff has failed to raise a claim within this court's jurisdiction, and requests summary dismissal of plaintiff's complaint.

Plaintiff's complaint is difficult to follow and raises claims over which this court has no jurisdiction. In the course of his complaint, Mr. Jones references several Amendments to the United States Constitution, a few clauses of the Magna Carta, and general civil rights provisions; however, plaintiff does not relate their applicability to the facts set forth in his complaint. Most of plaintiff's factual allegations stem from the "Agency's" failure to provide him information of some sort; plaintiff then asserts that these failures violated various of his rights. For example, plaintiff alleges that the Department of Health Education and Welfare engaged in "Willful, Concurrent, Advertent and Gross Negligence by failing to fulfill their required duties to the fullest, in helping Plaintiff and assisting him in every way possible," because it "fail [sic] to—look into the Education of Plaintiff and to utilize the necessary resources that's [sic] available to them to help Plaintiff obtain useful information to obtain housing and all other resources that are given to other nationality [sic] from other Countrys [sic]." Plaintiff does not, however, cite to any statute or regulation which would

---

1. Plaintiff's hand-written complaint is difficult to follow. Capitalizations of material quoted from plaintiff throughout this opinion are in the original, as are grammatical and spelling errors.

require the Department of Health Education and Welfare to provide him with such information or services.

Against the Department of Justice, plaintiff asserts that "he was denied due Process and equal protection of the Law, Subjected to Cruel and unusual punishment and Coerced into Committing perjury, While under oath. Then 'persecuted' and 'prosecuted', in violation of his 5th, 6th, 8th, and 14th Amendment Rights guaranteed by the United States Constitution to all it's [sic] Citizens." Plaintiff is unclear as to what conduct gave rise to his due process, equal protection, and cruel and unusual punishment claims. Furthermore, he does not explain how his being "persecuted" and "prosecuted" caused constitutional violations. After making a blanket assertion that the Department of Justice committed these violations, plaintiff states:

> [T]he Judicial department, of Broward County Circuit Court, in Broward County Florida. Did and Willfully coerce [sic] (Public Defenders) & acknowledge (State Attorneys) him swear under oath then committt [sic] perjury. In the following years 1987, 1994, 1997 and 2008. By Saying that no one offer him anything to the Judge after, Plaintiff, State Attorney and his Public Defender Signed a Contract of agreement. The Judge Clearly ask the Plaintiff did anyone make him any offer, the Plaintiff Public Representative instructs Plaintiff into the Perjury While State Attorney Witness it with no objection.

Plaintiff further states that:

> he was arrested by Broward County Deputy Jesus Jordan in violation of his 4th Amendment Right. Plaintiff beat charge Court found no probable cause after plaintiff did almost 2 years 7 mo. First and 14 month for that Charge and a new one.... Plaintiff suffered Mental Stress and never was compensated for his incarceration and his civil right violation.

As is evident from these selections from plaintiff's complaint, plaintiff's statements are confused, and he offers no evidence with which to substantiate any of the claims he asserts.

As to the Immigration and Naturalization Service, plaintiff alleges that it "Violated his due process and equal protection of the Law. Also Subjected him to Cruel, Unusual, Mental and emotional Stress, in Violation of his 5th, 6th, 8th 9th and 14th Amendment Rights that's [sic] guaranteed to every U.S. Citizen by the Constitution of the United States" for various reasons, including that:

> I.N.S. never Contacted him, that they Just took Wife Witnesses and Lawyers [sic] Word. Plaintiff Claim [sic] that I.N.S. gave Wife Resident Papers With husband (Plaintiff) having Know [sic] Knowledge of it. Plaintiff says that false allegations was [sic] filed against him that Lawyer or I.N.S. never Contact [sic] him to inform him of allegations. Plaintiff allege that I.N.S. nor Lawyer did any investigation and that Judgement [sic] past by Judge against Plaintiff in "Dec 2004" Will Confirm his Statement, that Wife was infact [sic] hiding Child from father.... I.N.S. fail [sic] to recognize that Plaintiff Wife was using Plaintiff to receive legal Citizenship. By I.N.S. Authorizing her paper gave Wife Clear opportunity to abandon husband and take child.

As a result, plaintiff claims the Immigration and Naturalization Service "of South Florida Willfully Committed Gross, Concurrent, Willful, and Joint Negligence along With Negligent infliction of Emotional distress. By failing to Consult With immigrant husband regardless of allegation, and failure to do investigation into life-style of both Plaintiff and Wife."

Plaintiff's claims against the Benefits Review Board stem from its alleged negligence in "fail [sic] to make it's [sic] resources available to him as a minority." As to the Civil Service Commission, plaintiff states that it "fail [sic] to advertise itself and resources so that plaintiff Would had [sic] understood their Obligation to help restore and reform his bloodline" and that it "Should take the responsibility and focus it's [sic] attention on Keeping Minorities existence such as him self [sic] .... [and] Could help Create Laws to mandate that individuals Such as himself be given Land and funds to maintain his existence. As every other Ethnic group Such as

Indians, Jews and every other race that Comes to these United States."

## DISCUSSION

■ The government filed a motion to dismiss the complaint in this case pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), alleging that the court lacks jurisdiction to hear the plaintiff's claims. When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *see also Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). However, "there is no 'duty [on the part] of the trial court ... to create a claim which [plaintiff] has not spelled out in his [or her] pleading....'" *Scogin v. United States,* 33 Fed. Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Bussie v. United States,* 96 Fed.Cl. 89, 94 (2011); *Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007). "While a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States,* 93 Fed.Cl. 163, 165 (2010) (citing *Hughes v. Rowe,* 449 U.S. at 9, 101 S.Ct. 173 and *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), *reh'g and reh'g en banc denied* (Fed.Cir. 2002)).

■ " '[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.' " *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (quoting *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki,* — U.S. —, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011); *see also Hertz Corp. v. Friend,* — U.S. —, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing *Arbaugh v. Y & H Corp.,* 546 U.S. at 514, 126 S.Ct. 1235)); *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1342 (Fed.Cir.2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing *Johannsen v. Pay Less Drug Stores N.W., Inc.,* 918 F.2d 160, 161 (Fed.Cir.1990))); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 115 F.3d 962, 963 (Fed.Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.,* 546 U.S. at 506, 126 S.Ct. 1235; *see also Rick's Mushroom Serv., Inc. v. United States,* 521 F.3d 1338, 1346 (Fed.Cir.2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing *Arbaugh v. Y & H Corp.,* 546 U.S. at 506, 126 S.Ct. 1235; *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. denied,* 545 U.S. 1127, 125 S.Ct. 2935, 162 L.Ed.2d 865 (2005); and *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998))); *Pikulin v. United States,* 97 Fed.Cl. 71, 76, *appeal dismissed* (Fed.Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise *sua sponte,* even where, as here, neither party has raised this issue." *Metabolite Labs., Inc. v. Lab. Corp.*

*of Am. Holdings,* 370 F.3d 1354, 1369 (Fed. Cir.) (citing *Textile Prods., Inc. v. Mead Corp.,* 134 F.3d 1481, 1485 (Fed.Cir.), *reh'g and en banc suggestion denied* (Fed.Cir.), *cert. denied,* 525 U.S. 826, 119 S.Ct. 73, 142 L.Ed.2d 58 (1998)), *reh'g and reh'g en banc denied* (Fed.Cir. 2004), *cert. dismissed as improvidently granted,* 548 U.S. 124, 126 S.Ct. 2921, 165 L.Ed.2d 399 (2006).

Pursuant to the Rules of this court and Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2), Fed.R.Civ.P. 8(a)(1), (2) (2011); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed.Cir.) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)), *reh'g denied* (Fed.Cir. 1997); *see also Klamath Tribe Claims Comm. v. United States,* 97 Fed.Cl. 203, 208 (2011); *Gonzalez–McCaulley Inv. Grp., Inc. v. United States,* 93 Fed.Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1322 (Fed.Cir.1998); *see also McZeal v. Sprint Nextel Corp.,* 501 F.3d 1354, 1363 n. 9 (Fed. Cir.2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, *Federal Practice and Procedure* § 1286 (3d ed. 2004)). As stated in *Ashcroft v. Iqbal,* "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [*Bell Atlantic Corp. v. Twombly,*] 550 U.S. at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

■ When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 555–56, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *United Pac. Ins. Co. v. United States,* 464 F.3d 1325, 1327–28 (Fed.Cir.2006); *Samish Indian Nation v. United States,* 419 F.3d 1355, 1364 (Fed.Cir.2005); *Boise Cascade Corp. v. United States,* 296 F.3d 1339, 1343 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2002), *cert. denied,* 538 U.S. 906, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003).

■ The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2006). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Navajo Nation,* 556 U.S. 287, 290, 129 S.Ct. 1547, 173 L.Ed.2d 429 (2009); *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *see also Greenlee Cnty., Ariz. v. United States,* 487

F.3d 871, 875 (Fed.Cir.), *reh'g and reh'g en banc denied* (Fed.Cir. 2007), *cert. denied*, 552 U.S. 1142, 128 S.Ct. 1082, 169 L.Ed.2d 810 (2008); *Palmer v. United States*, 168 F.3d 1310, 1314 (Fed.Cir.1999).

■ "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States...." *United States v. Mitchell*, 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Samish Indian Nation v. United States*, 657 F.3d 1330, 1335 (Fed.Cir.); *reh'g and reh'g en banc denied* (Fed.Cir. 2011); *Radioshack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed.Cir.2009); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d at 1343 ("[P]laintiff must ... identify a substantive source of law that creates the right to recovery of money damages against the United States."). In *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298 (Fed.Cir.2004), the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types.... First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver.... Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." *Eastport S.S. [Corp. v. United States*, 178 Ct.Cl. 599], 372 F.2d [1002,] 1007–08 [ (1967) ] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting *Clapp v. United States*, 127 Ct.Cl. 505, 117 F.Supp. 576, 580 (1954)).... Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." *Eastport S.S. [Corp. v. United States*], 372 F.2d at 1007. Claims in this third category, where no payment

has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." *Id.; see also [United States v.] Testan*, 424 U.S. [392,] 401–02, 96 S.Ct. 948 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself ... can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting *Eastport S.S. [Corp. v. United States*], 372 F.2d at 1009))). This category is commonly referred to as claims brought under a "money-mandating" statute.

*Ontario Power Generation, Inc. v. United States*, 369 F.3d at 1301.

■ To prove that a statute or regulation is money mandating, plaintiffs must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Navajo Nation*, 556 U.S. at 290, 129 S.Ct. 1547 (quoting *United States v. Testan*, 424 U.S. at 400, 96 S.Ct. 948); *see also United States v. White Mountain Apache Tribe*, 537 U.S. at 472, 123 S.Ct. 1126; *United States v. Mitchell*, 463 U.S. at 217, 103 S.Ct. 2961; *Blueport Co., LLC v. United States*, 533 F.3d 1374, 1383 (Fed.Cir.2008), *cert. denied*, 555 U.S. 1153, 129 S.Ct. 1038, 173 L.Ed.2d 468 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. *See United States v. Navajo Nation*, 129 S.Ct. at 1551 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[ ] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts).").  "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed.Cir.2008)

(quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d at 876); *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); *Peoples v. United States*, 87 Fed.Cl. 553, 565–66 (2009).

▇▇▇ The plaintiff's complaint contains numerous allegations, none of which are within this court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1). Plaintiff alleges wrongful conduct on the part of five agencies: the Department of Health Education and Welfare, the Benefits Review Board, the Civil Service Commission, the Department of Justice, and the Immigration and Naturalization Service. Some of these appear to be Florida State agencies, others may be federal. Plaintiff is unclear as to which agency is state or federal. This court does not have jurisdiction over claims against defendants other than the United States Government. *See id.* Indeed, all claims in the United States Court of Federal Claims must designate the United States as the defendant. *See* RCFC 10(a) (2011); *see also Eskridge Research Corp. v. United States*, 92 Fed.Cl. 88, 95 (2010) (citing *Howard v. United States*, 230 Fed.Appx. 975, 976 (Fed.Cir.2007)); *Shalhoub v. United States*, 75 Fed.Cl. 584, 585 (2007). Moreover, this court lacks jurisdiction over state agencies. *See Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed.Cir.2007); *Woodson v. United States*, 89 Fed.Cl. 640, 649 (2009) (citing *Shalhoub v. United States*, 75 Fed.Cl. at 585).

▇▇▇ Even if the plaintiff is alleging violations by federal officials, the court lacks jurisdiction over plaintiff's claims to the extent that he asserts claims based on tortious or criminal actions, or violations of his civil rights. Plaintiff's allegations concerning violations of the due process, the equal protection, and the cruel and unusual punishment clauses, including violations of the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, (to which he refers without specifying which clauses concern him or how the Amendments relate to the facts of his complaint), also are not reviewable in the United States Court of Federal Claims.

To the extent that the conduct plaintiff describes establishes claims sounding in tort, the Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d at 1343; *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (Fed.Cir. 1997); *Golden Pac. Bancorp v. United States*, 15 F.3d 1066, 1070 n. 8 (Fed. Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Hampel v. United States*, 97 Fed.Cl. 235, 238, *aff'd*, 429 Fed.Appx. 995 (Fed.Cir.2011); *Woodson v. United States*, 89 Fed.Cl. at 650; *McCullough v. United States*, 76 Fed.Cl. 1, 3 (2006), *appeal dismissed*, 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied*, 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007); *Agee v. United States*, 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States*, 71 Fed.Cl. 732, 739, *aff'd*, 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed. Cir. 2006). Similarly, to the extent that plaintiff is alleging criminal behavior on the part of federal employees, no jurisdiction resides in this court. This court lacks jurisdiction to adjudicate those criminal claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994) (noting the "specific civil jurisdiction" of the Court of Federal Claims); *see also Mendes v. United States*, 88 Fed.Cl. 759, 762, *appeal dismissed*, 375 Fed.Appx. 4 (Fed. Cir.2009); *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009) (holding that the Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); *Matthews v. United States*, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), *recons. denied*, 73 Fed.Cl. 524 (2006); *McCullough v. United States*, 76 Fed.Cl. at 4 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Therefore, plaintiff's claims of misconduct by federal officials, whether criminal or tortious, may

not be heard in this court. As noted above, to the extent plaintiff is alleging breaches of conduct by other than federal officials, this court also does not have jurisdiction.

The Due Process clauses of the United States Constitution are not sources of substantive law that create a right to money damages under the Tucker Act. The United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process clauses of the United States Constitution. *See Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997) (citing *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995)) (no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments); *see also In re United States,* 463 F.3d 1328, 1335 n. 5 (Fed.Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for the jurisdiction under the Tucker Act."), *reh'g and reh'g en banc denied* (2006), *cert. denied sub nom. Scholl v. United States,* 552 U.S. 940, 128 S.Ct. 50, 169 L.Ed.2d 243 (2007); *Acadia Tech., Inc. v. United States,* 458 F.3d 1327, 1334 (Fed.Cir. 2006); *Collins v. United States,* 67 F.3d 284, 288 (Fed.Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), *reh'g denied* (Fed.Cir. 1995); *Mullenberg v. United States,* 857 F.2d 770, 773 (Fed.Cir.1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts."); *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir. 1987) (noting that the Fifth Amendment's Due Process clause does not include language mandating the payment of money damages); *Hampel v. United States,* 97 Fed. Cl. at 238; *McCullough v. United States,* 76 Fed.Cl. at 4 ("[N]either the Fifth Amendment Due Process Clause . . . nor the Privileges and Immunities Clause provides a basis for jurisdiction in this court because the Fifth Amendment is not a source that mandates the payment of money to plaintiff."). Therefore, to the extent that plaintiff raises allegations of a violation of due process, no cause of action can be brought in this court. Due process claims "must be heard in District Court." *Kam–Almaz v. United States,* 96 Fed.Cl. 84, 89 (2011) (citing *Acadia Tech.,* *Inc. v. United States,* 458 F.3d at 1334); *see also Hampel v. United States,* 97 Fed.Cl. at 238.

In addition to Constitutionally based, due process claims, plaintiff makes a blanket assertion that the "Agency's," "[v]iolate[d] his Civil Liberties, by neglecting to inform or post Vital Information through avenues of agencys [sic] to assist Minoritys [sic] Such as Himself Or Willingly Violated his Civil Rights because of his past ignorant [sic] to Law and Order." The Court of Federal Claims, however, lacks jurisdiction to hear claims alleging deprivation of civil rights under color of law. *See Elkins v. United States,* 229 Ct.Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws.") (citation omitted). Exclusive jurisdiction to hear civil rights claims resides in the federal district courts. *See* 28 U.S.C. § 1343 (2006); *see also McCullough v. United States,* 76 Fed.Cl. at 5; *Hanes v. United States,* 44 Fed.Cl. 441, 449 (1999), *aff'd,* 243 F.3d 562 (Fed.Cir.), *reh'g denied* (2000); *Blassingame v. United States,* 33 Fed.Cl. 504, 505, *aff'd,* 73 F.3d 379 (Fed.Cir.1995), *reh'g denied, cert. denied,* 517 U.S. 1237, 116 S.Ct. 1885, 135 L.Ed.2d 179 (1996); *Lee v. United States,* 33 Fed.Cl. 374, 379 (1995); *Bunch v. United States,* 33 Fed.Cl. 337, 341 (1995), *aff'd,* 78 F.3d 605 (Fed.Cir.1996); *Sanders v. United States,* 32 Fed.Cl. 573, 576 (1995); *Rogers v. United States,* 14 Cl.Ct. 39, 50 (1987), *aff'd,* 861 F.2d 729 (Fed.Cir.1988), *cert. denied,* 490 U.S. 1034, 109 S.Ct. 1930, 104 L.Ed.2d 403 (1989).

Insofar as plaintiff's claims concern the Sixth, Eighth, and Ninth Amendments to the United States Constitution, these Amendments are not money-mandating and, therefore, jurisdiction to review these claims does not lie in this court. *See Treece v. United States,* 96 Fed.Cl. 226, 231 (2010) (citing *Milas v. United States,* 42 Fed.Cl. 704, 710 (1999) (finding that the Sixth Amendment is not money-mandating), *aff'd,* 217 F.3d 854 (Fed.Cir.1999); *Tasby v. United States,* 91 Fed.Cl. 344, 346 (2010) ("[T]he Eighth Amendment prohibitions of excessive bail or fines, as well as cruel and unusual punishment, are not money-mandating.") (citation

omitted)); *Hernandez v. United States*, 93 Fed.Cl. 193, 198 (2010) ("Plaintiff avers that his rights under the First, Fourth, Fifth, Sixth, Seventh, Eight, Ninth, Fourteenth, and Fifteenth Amendments were violated. None of these claims allege a violation for which money damages are mandated."); *see also Trafny v. United States*, 503 F.3d 1339, 1340 (Fed.Cir.2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (citations omitted); *Dupre v. United States*, 229 Ct.Cl. 706, 1981 WL 28031, at *1 (1981) (finding that the court lacks jurisdiction over Sixth Amendment claims because the Sixth Amendment is not money-mandating); *Smith v. United States*, 51 Fed.Cl. 36, 38 (2001) (citations omitted), *aff'd*, 36 Fed.Appx. 444 (Fed.Cir.2002) (finding that the Court of Federal Claims lacks jurisdiction over Sixth Amendment ineffective assistance of counsel claims). Therefore, with the exception of the takings clause of the Fifth Amendment to the United States Constitution, the other Amendments do not require the United States to pay money for a violation. This court does not have jurisdiction to review claims filed under the Due Process clause of the Fifth Amendment, or under the Sixth, Eighth, Ninth, and Fourteenth Amendments.

■ To the extent that plaintiff raises an unlawful imprisonment claim, plaintiff has not alleged the requirements necessary for such a claim. According to 28 U.S.C. § 1495 (2006), "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. According to 28 U.S.C. § 2513 (2006):

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

(b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

Plaintiff, however, has not alleged that his conviction was set aside or reversed because he was not guilty, nor has he alleged that he did not commit the acts charged. Plaintiff has not provided the court with any record, certificate, or other evidence to show that a conviction was set aside. Plaintiff only states that he was arrested and "beat charge" in Broward County, Florida. Moreover, plaintiff appears to have been incarcerated at the Loudoun County, Virginia, Adult Detention Center at the time he filed his complaint in this court. He also refers to prior incarcerations and charges brought against him in Broward County, Florida.

Finally, plaintiff includes a poetic tribute to the Magna Carta. Plaintiff makes no assertions regarding the document, other than to submit the poem, which begins with, "Oh Romeo, Romeo, Where art thou ....," and ends with, "as the Dream of the Famous Dr. King unfold in Unity." Neither the poem, nor the Magna Carta, however, assist to resolve the issues plaintiff raises in his complaint. In short, none of plaintiff's allegations are cognizable in this court to the extent they involve torts, criminal conduct, or non money-mandating civil and constitutional claims.

■ In addition to seeking monetary damages in the tens of millions of dollars, plaintiff states that he would like to raise his daughter. However, this court cannot grant his request for equitable relief. The language of 28 U.S.C. § 2201 provides, with

certain specified exceptions not applicable here:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The United States Court of Appeals for the Federal Circuit, however, has stated that:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

*Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716–17 (Fed.Cir.1998); *see also United States v. Tohono O'Odham Nation*, —— U.S. ——, 131 S.Ct. 1723, 1729, 179 L.Ed.2d 723 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); *Massie v. United States*, 226 F.3d 1318, 1321 (Fed.Cir. 2000) ("Except in strictly limited circumstances, *see* 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction' ") and *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 906 (Fed.Cir.1990))); *Smalls v. United States*, 87 Fed.Cl. 300, 307 (2009); *Pryor v. United States*, 85 Fed.Cl. 97, 103 (2008) ("Apart from ordering relief under 28 U.S.C. §§ 1491(a)(2) or (b)(2), the Court of Federal Claims has no power to grant a declaratory judgment.... The Court of Federal Claims cannot adjudicate a complaint that seeks only declaratory relief." (citing *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d at 717)); *Tchakarski v. United States*, 69 Fed.Cl. 218, 221 (2005). None of the exceptions which permit the United States Court of Federal Claims to grant declaratory relief apply to Mr. Jones's allegations. Accordingly, plaintiff's request for relief in order to raise his daughter also cannot be entertained in this court.

### CONCLUSION

Upon review of plaintiff's complaint, Mr. Jones has alleged no claims within the jurisdiction of this court. Plaintiff's confused and rambling complaint makes allegations against defendants and for claims over which this court has no jurisdiction. Plaintiff also alleges violations of provisions of the United States Constitution which this court has no power to review. For the foregoing reasons, plaintiff's complaint is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1). The Clerk of the Court shall enter **FINAL JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**