NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS A. BANKS, AND, D. B., A MINOR CHILD,**

*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2020-1039

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00334-LKG, Judge Lydia Kay Griggsby.

---

**O R D E R**

---

PER CURIAM

Louis A. Banks and D.B., his minor child, ("Banks") have previously unsuccessfully invoked the jurisdiction of the Superior Court of the District of Columbia ("Superior Court") and the United States Court of Federal Claims ("Claims Court") seeking damages for injuries allegedly suffered by D.B., primarily stemming from an incident involving alleged actions by school employees in the District of Columbia.

In the Superior Court, the United States failed to answer the summons issued to it.  But because Banks did not specify the nature of his complaint, the Superior Court dismissed his complaint without prejudice.  *Banks v. District of Columbia*, No. 2017-CA-006401 (D.C. Super. Ct. Sept. 19, 2017).

Banks brought suit in the Claims Court against various officials in the District of Columbia and nominally against the United States seeking monetary damages for the alleged harm to D.B.  *Banks v. United States*, No. 1:17-cv-00808 (Fed. Cl. Jun. 14, 2017).  His complaint failed to identify claims against the United States, and because the Claims Court lacked jurisdiction over the other individually named defendants, his complaint was dismissed without prejudice by the Claims Court.  Banks appealed the ruling of the Claims Court to this court, and we affirmed the judgment dismissing his claim for lack of jurisdiction. *Banks v. United States*, 726 Fed. App'x 823, 825 (Fed. Cir. 2018)

Banks brought a second suit in the Claims Court, again seeking monetary damages for the alleged harm to D.B. *Banks v. United States*, No. 1-19-cv-00334 (Fed. Cl. Feb. 28, 2019).  This second suit is the subject of this appeal.  The Claims Court interpreted Banks' complaint to challenge the failure of the United States to appear in the dismissed Superior Court proceeding as a violation of 20 U.S.C. § 7101 (addressing education as part of the Safe and Drug-Free Schools and Communities Act) and 28 U.S.C. § 2508 (addressing government counterclaims brought in the Claims Court).  The complaint also referred to the Civil Rights Act of 1964 and alleged that the U.S. Departments of Education and Justice are responsible for enforcement of federal civil rights laws.  These references were treated by the Claims Court as asserting a violation of federal civil rights arising from D.B.'s treatment in the District of Columbia schools.  Rather than answer the complaint, the United States moved to dismiss the complaint for want of

jurisdiction. Banks filed a motion for default judgment against the United States based on its failure to answer the complaint.

The Claims Court granted the motion to dismiss and denied as moot Banks' motion for a default judgment. The Claims Court explained in its opinion why the court lacked jurisdiction over Banks' complaint. To the extent the complaint raised allegations of violation of federal civil rights law, the Claims Court explained that its precedent specifies that it lacks subject matter jurisdiction over such claims, citing *Jones v. United States*, 104 Fed. Cl. 92, 98 (2012). Additional precedent supports this conclusion of the Claims Court. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (holding the Claims Court lacks jurisdiction over a *Bivens* claim, a cause of action for money damages to remedy constitutional violations caused by government officials acting under color of federal law); *Wildman v. United States*, 28 Fed. Cl. 494, 495 (1993) (citing *Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (table) (finding no jurisdiction over civil rights claims brought pursuant to 42 U.S.C. §§ 1983, 1985 or 1986 because jurisdiction over such claims resides exclusively in the U.S. district courts)). With regard to Banks' argument that the United States failed to appear in the Superior Court action, the Claims Court explained that where the plaintiff relies on a statute to support a claim the plaintiff must show that the named statute provides for monetary relief for its violation in order to invoke the jurisdiction of the Claims Court. The Claims Court noted that the two federal statutes cited by Banks to support his claim arising out of the Superior Court case did not appear related to his claim, but even if they were related, neither of the statutes provide for monetary relief. Finally, because the Claims Court determined that it lacked subject matter jurisdiction over claims averred in Banks' complaint, it ruled that Banks' motion for default judgment is moot.

Banks timely appealed from the final judgment of the Claims Court. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review the Claims Court's jurisdictional ruling *de novo* as a question of law. *Kam-Almaz v. United States*, 682 F.3d 1364, 1367–68 (Fed. Cir. 2012).

We carefully reviewed the arguments Banks presents to this court and the opinion of the Claims Court dismissing his complaint for want of jurisdiction. The Claims Court correctly held that Banks failed to present a claim over which the Claims Court has subject matter jurisdiction. Banks appears to contend on appeal that the Claims Court issued a default judgment in his favor, but the court merely granted Banks leave to file a motion for default judgment, a motion the court ultimately denied. We find no error in the judgment of the Claims Court, which we accordingly affirm. A number of motions filed by Banks relating to our review of his appeal remain pending. All such motions are denied. The Order of the Claims Court dismissing the complaint is

## AFFIRMED

IT IS ORDERED THAT:

(1) The Order of the Claims Court dismissing the complaint is affirmed.

(2) Banks' outstanding motions are denied.

FOR THE COURT

April 13, 2020                    /s/ Peter R. Marksteiner
    Date                          Peter R. Marksteiner
                                  Clerk of Court