Court of Claims jurisdiction. — On December 18, 1981 the court entered the following order:
Before Kashiwa, Bennett, and Smith, Judges.
per curiam:
Plaintiff, pro se, claims that Internal Revenue Service agents "did on numerous occasions maliciously, intentionally and wantonly harass and intimidate the plaintiff.” Plaintiff seeks monetary damages in the amount of $18,000,000 for the agents’ alleged violations of the fourth, fifth, and sixth amendments to the Constitution.
Plaintiffs petition fails to invoke the jurisdiction of this court. First, this court has no original jurisdiction over tort claims against the United States. 28 U.S.C. § 1491 (1976). Second, the fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967).
Finally, while plaintiffs claim under the fifth amendment might be broadly read to refer to the taking clause, the alleged lengthy holding of plaintiffs business records by I.R.S. agents is not a taking of private property for public use which may be compensated for by this court.
it is therefore ordered that the petition is dismissed for failure to state a claim upon which relief can be granted by this court.