James Soloman SMITH, Jr.,
Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5063.

United States Court of Appeals,
Federal Circuit.

June 5, 2002.

Before MICHEL, PLAGER, and RADER, Circuit Judges.

PER CURIAM.

James Soloman Smith, Jr., appeals the November 26, 2001 decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. Because the Court of Federal Claims lacks jurisdiction over the asserted claims, this court *affirms*.

## BACKGROUND

In 1992, Mr. Smith was convicted of first-degree arson in a Georgia Superior Court and incarcerated. Mr. Smith sought and obtained a writ of habeas corpus from the United States District Court for the Northern District of Georgia. The writ ordered his conditional release unless the State of Georgia permitted him to appeal his conviction with the assistance of appointed counsel. Subsequently, Mr. Smith filed a complaint in the same district court, seeking money damages from the investigating police officer and Clayton County, Georgia, for alleged constitutional and due process violations. The district court granted summary judgment for the defendants, and the United States Court of Appeals for the Eleventh Circuit affirmed the district court's decision.

Mr. Smith then filed a complaint against the United States in the Court of Federal Claims, setting forth essentially the same allegations presented to the district court. The only new claim raised by Mr. Smith in his Court of Federal Claims complaint was an allegation that the State of Georgia forced him into involuntary servitude in violation of the Thirteenth Amendment. Mr. Smith did not allege a takings claim under the Fifth Amendment. On November 26, 2001, the Court of Federal Claims dismissed Mr. Smith's complaint for lack of jurisdiction.

## DISCUSSION

The jurisdiction of the United States Court of Federal Claims is a question of law that this court reviews without deference. *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541 (Fed.Cir. 1996). The Tucker Act, which defines the jurisdiction of the Court of Federal Claims, states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000). Under this statute, the Court of Federal Claims has jurisdiction "when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed.Cir.1995) (citing *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)). The Tucker Act waives the Government's sovereign immunity only where a plaintiff asserts a claim under a separate money-mandating constitutional provision, statute, or regulation. *LeBlanc*, 50 F.3d at 1028; *United States v. Mitchell*, 463 U.S. 206, 218, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983).

None of the constitutional provisions cited by Mr. Smith mandate the payment of money damages by the United States. First, Mr. Smith alleges that the defen-

dants violated his Fourth Amendment rights. The Court of Federal Claims lacks jurisdiction over such an action because "monetary damages are not available for a Fourth Amendment violation." *Brown v. United States,* 105 F.3d 621, 623–24 (Fed. Cir.1997). Second, Mr. Smith claims that the defendants violated his rights under the Due Process Clauses of the Fifth and Fourteenth Amendments. Neither of these clauses is a sufficient basis for jurisdiction because they do not mandate money damages by the Government. *LeBlanc,* 50 F.3d at 1028. Finally, Mr. Smith alleges violations of his Sixth and Thirteenth Amendment rights. The Court of Federal Claims similarly lacks jurisdiction for these claims. *Dupre v. United States,* 229 Ct.Cl. 706, 706 (Ct.Cl.1981) (court lacks jurisdiction because the Sixth Amendment does not obligate the United States to pay money damages); *Carter v. United States,* 228 Ct.Cl. 898, 900 (Ct.Cl.1981) (court lacks jurisdiction over non-contractual monetary claims under the Thirteenth Amendment).

The Court of Federal Claims also lacks jurisdiction on Mr. Smith's previously raised claims because he made those claims before the district court, and that court has already ruled on Mr. Smith's claims. "[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts ... relating to proceedings before those courts." *Joshua v. United States,* 17 F.3d 378, 380 (Fed. Cir.1994). Therefore, the Court of Federal Claims cannot review the district court's decision.

Furthermore, the Court of Federal Claims lacks jurisdiction over the civil rights violations alleged by Mr. Smith under 42 U.S.C. § 1983 (1994). In sum, Mr. Smith alleges no claim for which the Court of Federal Claims possesses jurisdiction.

## CONCLUSION

Because the Court of Federal Claims lacks jurisdiction over the asserted claims, this court affirms.