NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA MARIE CONNER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5107

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00171-LB, Judge Lawrence J. Block.

---

Decided: January 12, 2016

---

DONNA MARIE CONNER, Manchester, NH, pro se.

RENEE GERBER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

PER CURIAM.

Donna Marie Conner (Ms. Conner) appeals from a judgment by the Court of Federal Claims (Claims Court) dismissing her complaint for lack of subject-matter jurisdiction. For the reasons set forth below, we affirm.

BACKGROUND

This case arises from a complaint that Ms. Conner filed in the Claims Court against the New Hampshire Attorney General, the Federal Bureau of Investigation, the acting chief of the Department of Justice Civil Rights Division, the Deputy Attorney General of Canada, the Immigration and Refugee Board of Canada, the President of the United States, the Police Chief of Manchester, New Hampshire, and a Justice serving on the District Division of the New Hampshire Ninth Circuit Court in Manchester. Among her many allegations, Ms. Conner alleges that these parties have used her eye drops and the air in her apartment to poison her, causing intentional bodily harm. She also raises several grievances relating to the handling of her prior litigations in New Hampshire state court. Based on these contentions she alleges violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution. She asserted that the Claims Court had subject matter jurisdiction over her claims under the Tucker Act, 28 U.S.C. § 1491. In addition, she asserts causes of action under the Copyright Act, the Freedom of Information Act, the Federal Tort Claims Act, the Privacy Act, and 42 U.S.C. § 1983.

The Claims Court characterized Ms. Conner's complaint as alleging that "various state officials broke into her apartment, stole documents and attempted to poison her by tampering with her eye drops." *Conner v. United States*, No. 15-171 C, slip op. at 1 (Fed. Cl. June 5, 2015). The Claims Court also noted Ms. Conner's allegations involving the President "conspir[ing] with the Supreme

Court and Canadian immigration officials to prevent her from obtaining asylum in Canada." *Id.* Finally, the Claims Court noted Ms. Conner's references to numerous Amendments of the United States Constitution. The Claims Court concluded, however, that even if these allegations were true, the court lacked jurisdiction to resolve her claims and dismissed the action.

On appeal, Ms. Conner argues that the Claims Court's dismissal was erroneous. She also asserts that the Claims Court failed to appreciate that she is seeking compensation for the Department of Justice's failure to investigate crimes in which she was the victim.

## DISCUSSION

Whether the Claims Court properly dismissed Ms. Conner's complaint for lack of subject-matter jurisdiction is a question of law that we review de novo. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). When determining whether the Claims Court possessed subject-matter jurisdiction, "the allegations in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993).

Ms. Conner's claims were based on the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). There are two key limitations on actions arising under the Tucker Act that prevent the Claims Court from exercising jurisdiction.

Under the Tucker Act, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). For this reason, the Claims Court properly dismissed Ms. Conner's claims as they relate to the Canadian government officials and the employees of the state of New Hampshire or the city of Manchester, New Hampshire.

Furthermore, Tucker Act jurisdiction is limited to claims against the United States based on sources of law that mandate monetary relief. *United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. . . . [T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)).

After reviewing the allegations in Ms. Conner's complaint, we conclude that she has not demonstrated that any of the claims she asserts conceivably derives from any "contractual relationship, constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States." *Khan v. United States*, 201 F.3d 1375, 1378 (Fed. Cir. 2000) (quotation marks omitted); *see also United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Dupre v. United States*, 229 Ct. Cl. 706 (1981) (Fourth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fifth Amendment (Due Process) and Fourteenth Amendment); *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) (Sixth, Eighth, Ninth and Tenth Amendments); *Harris v. United States*, 118 Fed. Cl. 180, 190 (2014) (Seventh Amendment); *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981) (Thirteenth Amendment). For

example, as we explained in *Connolly*, the First Amendment "merely forbids Congress from enacting certain types of laws; it does not provide persons aggrieved by governmental action with an action for damages in the absence of some other jurisdictional basis." 716 F.2d at 887.

We also agree with the Claims Court that it lacks jurisdiction over Privacy Act claims, Freedom of Information Act claims, claims under the Federal Tort Claims Act, and § 1983 claims because the federal district courts possess exclusive jurisdiction over such matters. 5 U.S.C. § 552a(g)(1) (Privacy Act); 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act); 28 U.S.C. § 1346(b)(1) (Federal Tort Claims Act); 28 U.S.C. § 1343(a) (civil rights claims and claims arising under 42 U.S.C. § 1983). In addition, Ms. Conner's Copyright Act claim is not within the jurisdiction of the Claims Court because she has not alleged copyright infringement by the government. Ms. Conner's remaining claims sound in tort, which are expressly excluded from the Claims Court's jurisdiction in the Tucker Act. 28 U.S.C. § 1491(a)(1).

CONCLUSION

For the reasons stated in this opinion, we affirm the Claims Court's dismissal of Ms. Conner's complaint for lack of subject-matter jurisdiction.[1]

**AFFIRMED**

No Costs.

---

[1] We have also considered Ms. Conner's Motion for Sanctions and find it without merit. The motion is therefore denied.