NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT J. MERCER,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-1857

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00089-NBF, Senior Judge Nancy B. Firestone.

---

Decided: August 8, 2016

---

ROBERT J. MERCER, Coleman, FL, pro se.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DONALD E. KINNER.

---

PER CURIAM.

Robert Mercer appeals the Court of Federal Claims's dismissal of his complaint for lack of jurisdiction. *Mercer v. United States*, No. 16-89C, 2016 WL 690472 (Fed. Cl. Feb. 19, 2016) ("*Order*"). We affirm.

BACKGROUND

Mr. Mercer is incarcerated in a Florida federal correctional institution. Relevant to this appeal, he filed a complaint in the Court of Federal Claims, alleging that the United States District Court for the Middle District of Florida is not an Article III court, and as such, lacked jurisdiction to criminally sentence him. He also sought relief based on an alleged violation of his Fifth Amendment right to due process in connection with his criminal defense attorney's failure to raise this alleged jurisdictional issue.

The Court of Federal Claims dismissed Mr. Mercer's complaint because it "has no jurisdiction to review the merits of a decision rendered by a federal district court." *Order*, 2016 WL 690472, at *1 (quoting *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015)). The court also disposed of Mr. Mercer's due process claim, noting that "[t]he law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Id.* at *2 (alteration in original) (quoting *Dourandish v. United States*, 629 F. App'x 966, 970 (Fed. Cir. 2015) (quoting *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013))). Finally, the court noted that Mr. Mercer's complaint could be read as alleging a Sixth Amendment ineffective assistance of counsel claim. The court determined that like the Due Process Clauses, the Sixth Amendment does not obligate the United States to pay money damages, and thus also fails to confer jurisdiction over Mr. Mercer's claims. *Order*, 2016 WL 690472, at

*2 n.3 (citing *Smith v. United States*, 36 F. App'x 444, 446 (Fed. Cir. 2002) (internal citation omitted)).

Mr. Mercer appeals the dismissal to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Court of Federal Claims properly dismissed a claim for lack of jurisdiction. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). The plaintiff bears the burden of establishing the trial court's subject matter jurisdiction over his complaint. *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

We agree that the Court of Federal Claims lacks jurisdiction over Mr. Mercer's claims. First, the Court of Federal Claims properly held that it lacks jurisdiction to consider claims amounting to "collateral attacks" on criminal convictions. *Order*, 2016 WL 690472, at *1 (quoting *Judd v. United States,* No. 15-586C, 2015 WL 6684540, at *1 (Fed. Cl. Oct. 30, 2015) (internal citation omitted)). That is because "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Second, "to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan v. United States*, 201 F.3d 1375, 1377 (Fed. Cir. 2000); *see also* 28 U.S.C. § 1491(a)(1). As we have held, however, "the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith*, 709 F.3d at 1116. Accordingly, the Court of Federal Claims properly determined that it lacks jurisdic-

tion over Mr. Mercer's due process argument. To the extent Mr. Mercer attempted to raise a claim under the Sixth Amendment of ineffective assistance of counsel, the Court of Federal Claims likewise lacks jurisdiction because the Sixth Amendment does not mandate the payment of money damages by the United States. *Smith*, 36 F. App'x at 446.

## CONCLUSION

We have considered Mr. Mercer's remaining arguments and find them unpersuasive. Because the Court of Federal Claims properly dismissed Mr. Mercer's complaint for lack of jurisdiction, we affirm.

## **AFFIRMED**

### COSTS

No costs.