NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALBERT W. UPSHUR, YOLANDA D. THOMPSON, BENNIE SHEPPARD,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2274

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01451-MCW, Judge Mary Ellen Coster Williams.

---

Decided: November 13, 2017

---

ALBERT W. UPSHUR, YOLANDA D. THOMPSON, BENNIE SHEPPARD, Philadelphia, PA, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before TARANTO, CLEVENGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellants Albert Upshur, Yolanda Thompson, and Bennie Sheppard brought this action in the United States Court of Federal Claims. The court dismissed the action. We affirm.

I

In November 2016, appellants filed a complaint in the Court of Federal Claims challenging the authority of the United States, the Commonwealth of Pennsylvania, and various third parties to "make legal decisions and judgments" and to "interpret and apply the law." J.A. 5–8. They claimed violations of their "Constitutional rights, Federal law, and a treaty," J.A. 8; and the Court of Federal Claims eventually treated the complaint as involving, in particular, certain claims under the First, Fifth, and Fourteenth Amendments, *Upshur v. United States*, No. 16-1451C, slip op. at 2 (Fed. Cl. June 21, 2017) (*Decision*). As bases for the court's jurisdiction, appellants invoked 28 U.S.C. §§ 1333, 1337, 2461, and 2463. They sought damages totaling nearly $4.6 trillion.

The United States moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims. On June 21, 2017, the court granted the motion, dismissing the complaint after determining that appellants had not established subject-matter jurisdiction. *Decision* at 2–3. The court explained that, for it to have jurisdiction here, the complaint would have to come within the Tucker Act, 28 U.S.C. § 1491, not 28 U.S.C. §§ 1333 & 1337, which are conferrals of jurisdiction only on district courts, not the Court of Federal Claims. As to the Tucker Act, one problem with the complaint, the court ruled, is that the United States was the only "proper defendant," and the court

therefore lacked jurisdiction to hear claims against any of the other named defendants. *Id*. at 2. And even as to the United States, the court further determined, appellants have simply not stated a claim that comes within the Tucker Act's reach, which requires a source of law outside the Act that mandates monetary relief against the United States for identified wrongs. *Id.* Neither 28 U.S.C. §§ 2461 and 2463 nor any discernible claim under the First, Fifth, or Fourteenth Amendments in this case is such a money-mandating source of law. *Id.*

Appellants timely appealed from the dismissal. We have jurisdiction under 28 U.S.C. § 1295(a)(3) to review the dismissal of the complaint. We review dismissals by the Court of Federal Claims for lack of subject-matter jurisdiction *de novo*. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002).

## II

Under the Tucker Act, the Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). In order for the Court of Federal Claims to have subject-matter jurisdiction over appellants' claims, the claims must be for money damages against the United States, and appellants "must demonstrate that the source of substantive law [they] rel[y] upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *United States v.*

*Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *Testan*, 424 U.S. at 400).

The Court of Federal Claims followed that well-established framework. Appellants nevertheless seek reversal, asserting that the court did not adequately consider (a) certain Title Deeds and (b) certain alleged sources of money-mandating law, namely, the "Laws of Universal Life" or "Heavenly Laws," and the Ninth Amendment. Appellants have not shown error.

Although appellants point to various Title Deeds, they have not taken the next crucial step for stating a claim within the Tucker Act. They have presented no comprehensible argument about the identified Title Deeds that would even plausibly state a claim under a source of law that is money-mandating for Tucker Act purposes. Appellants have not identified any relevant source of law that is money-mandating against the United States. We note that the Takings Clause of the Fifth Amendment is money-mandating. *See Schooner Harbor Ventures, Inc. v. United States*, 569 F.3d 1359, 1361–62 (Fed. Cir. 2009); *Hernandez v. United States*, 93 Fed. Cl. 193, 197 (2010). But appellants have neither invoked that clause nor provided any understandable basis for making a takings claim in this case, as to the Title Deeds or otherwise.

Appellants suggest that the Court of Federal Claims overlooked two sources of law relevant to the Tucker Act. One they characterize as the "Laws of Universal Life" or "Heavenly Laws" (or "the Biblical Scriptures"). Appellants failed to make this contention in the Court of Federal Claims, thus waiving the contention, but in any event we see no basis for finding a waiver of sovereign immunity by the United States under the Tucker Act for such claims. Appellants likewise failed to invoke the Ninth Amendment in the Court of Federal Claims, but in any event we see no basis for newly deeming the Ninth Amendment to be money-mandating, an innovation we

have rejected before. *See, e.g., Conner v. United States*, 641 F. App'x 972, 975 (Fed. Cir. 2016); *Barksdale v. United States*, 582 F. App'x 890, 891–92 (Fed. Cir. 2014).

## III

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

## **AFFIRMED**

No costs.