NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROLYN BARNES,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-2096

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00534-MCW, Judge Mary Ellen Coster Williams.

---

Decided: January 9, 2019

---

CAROLYN BARNES, Leander, TX, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before DYK, BRYSON, and CHEN, *Circuit Judges.*

PER CURIAM.

Plaintiff–Appellant Carolyn Barnes appeals the Court of Federal Claims' ("Claims Court's") denial of her motion for relief under Rule 60 of the Rules of the United States Court of Federal Claims.[1]  Because we agree that the Claims Court lacks subject matter jurisdiction, we *affirm*.

## BACKGROUND

On June 11, 2013, Ms. Barnes was convicted of aggravated assault with a deadly weapon while using or exhibiting a firearm. *Barnes v. State*, No. 03-13-00434, 2016 WL 3917126, at *1 (Tex. App. July 13, 2016) (affirming conviction).  Ms. Barnes filed a complaint on behalf of herself and her children in the Claims Court on April 13, 2017, against numerous defendants, including but not limited to the United States, stemming from her purportedly wrongful conviction.  The Claims Court aptly summarized Ms. Barnes' complaint as follows:

> Plaintiffs' 179-page complaint is difficult to understand, but appears to stem from Ms. Barnes' 2013 aggravated assault conviction.  Plaintiffs allege conspiracy on the part of a number of individuals to "frame" Ms. Barnes for a crime she did not commit.  Plaintiffs further claim numerous violations of the Constitution, state and federal statutes, "international treaties, covenants, covenants, and conventions," as well as breach of contract, criminal activity, and torts.

---

[1]    Ms. Barnes styled her filing as a motion for reconsideration but the Claims Court treated it as a Rule 60 motion for relief from judgment.

S.A. 207. All of Ms. Barnes' allegations before the Claims Court amount to collateral attacks on her criminal conviction.

On November 29, 2017, the Claims Court dismissed Ms. Barnes' complaint for lack of subject matter jurisdiction. The Claims Court entered judgment on November 30, 2017. Ms. Barnes submitted a motion styled as a "motion to reconsider" on December 29, 2017. The Claims Court construed Ms. Barnes' motion as a motion for relief from the judgment under Rule 60. On May 24, 2018, the Claims Court denied Ms. Barnes' motion because she "ha[d] not articulated any grounds warranting reconsideration." Ms. Barnes appealed to this court on June 21, 2018. We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court reviews a denial of a motion for relief from judgment for abuse of discretion. *Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018). We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *Alpine PCS, Inc. v. United States*, 878 F.3d 1086, 1092 (Fed. Cir. 2018).

Ms. Barnes purports to appeal from the Claims Court's judgment dismissing her complaint. But Ms. Barnes' appeal was docketed on June 21, 2018, well past the 60-day deadline to appeal from the Claims Court's November 2017 judgment of dismissal. *See* Fed. R. App. P. 4(a)(1)(B). Though this deadline may be suspended by a motion under Rule 60, that is only so where the motion was filed with the Claims Court "within the time allowed," which in this case is 28 days following entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Because Ms. Barnes filed her motion for relief with the Claims Court 29 days after the Claims Court's judgment of dismissal was entered, her motion did not sus-

pend the deadline to appeal the Claims Court's order of dismissal and was therefore untimely. Our jurisdiction is thus limited to a review of the Claims Court's denial of Ms. Barnes' motion for relief from judgment. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 (1978) ("[A]n appeal from denial of [Federal Rule of Civil Procedure] 60(b) relief does not bring up the underlying judgment for review."); *Brown v. United States*, 80 F. App'x 676, 677 (Fed. Cir. 2003) (construing plaintiff's untimely motion for reconsideration as a Rule 60 motion for relief from judgment and limiting this court's review to the denial of Rule 60 relief).[2] Even if we were to consider Ms. Barnes' appeal from both the Claims Court's order of dismissal and denial of relief under Rule 60, the result would be the same.

Ms. Barnes' claims are collateral attacks on her criminal conviction. It is well-established that the Claims Court "lacks jurisdiction to consider claims which amount to 'collateral attacks' on criminal convictions." *Mercer v. United States*, 668 F. App'x 362, 363 (Fed. Cir. 2016); *accord Beadles v. United States*, 115 Fed. Cl. 242, 245 (2014); *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981). The Claims Court thus correctly dismissed Ms. Barnes' claims for lack of jurisdiction.

To the extent that Ms. Barnes argues that the limits on the jurisdiction of the Claims Court are unconstitu-

---

[2] The standard of review for a denial of relief is the same for both a Rule 60 motion under the Federal Rules of Civil Procedure and the Rules of the Court of Federal claims. *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794 & n.3 (Fed. Cir. 1993) (applying the Rule 60 standard of review from *Browder* because "Rule 60(b) of the Claims Court is a virtual duplicate of Federal Rule of Civil Procedure 60(b)").

tional, she provides no reasoned basis for why this would be the case.

CONCLUSION

Because the Claims Court did not err in dismissing Ms. Barnes' case for lack of subject matter jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.