# In the United States Court of Federal Claims

No. 20-1138
Filed: September 14, 2020
**NOT FOR PUBLICATION**

---

ELVIS IRIZARRY,

       *Plaintiff,*

v.

THE UNITED STATES,

       *Defendant.*

---

## ORDER

**TAPP, Judge.**

Against a backdrop of "murder, arson, armed robbery, drug trafficking, and the extortionate collection of debts," *pro se* Plaintiff Elvis Irizarry ("Irizarry") seeks release from prison and compensation based upon a litany of constitutional, statutory, and procedural claims relating to his racketeering convictions in the District of New Jersey. *United States v. Irizarry*, 341 F.3d 273, 278 (3d. Cir. 2003). Irizarry's crimes are well documented. Those convictions arose from Irizarry's involvement in an organized crime crew operating out of Jersey City, New Jersey, over a span of several years. *See id.* He is serving a life sentence, plus 85 years. *United States v. Irizarry*, 2014 WL 7331940, at *1 (D.N.J. 2014). Irizarry's convictions have withstood direct appeal, two petitions for certiorari, and two collateral attacks. *Id.* (collateral attack); *Irizarry*, 341 F.3d 273 (direct appeal); *Irizarry v. United States*, 540 U.S. 1140 (2004) (denying cert.); *Irizarry v. United States*, 552 U.S. 916 (2007) (denying cert.); *Irizarry v. United States*, 2005 WL 3544687 (D.N.J. 2005) (collateral attack).[1] In addition to these suits and the present action, Irizarry filed a second, nearly identical complaint in this Court, which was dismissed *sua sponte* for lack of subject matter jurisdiction and failure to state a claim. *Irizarry v. United States*, 20-cv-1139 (Sept. 10, 2020) (Hertling, J.).

In the scattergun Complaint now pending before this Court, Irizarry claims that the actions of the District Court, which resulted in his conviction and imprisonment, are "void" because they were not supported by "substantial evidence." (Compl. at 1, ECF No. 1). He further claims that his current incarceration violates Article I of the U.S. Constitution; the Fourth, Fifth, Sixth, and Thirteenth Amendments; and 28 U.S.C. § 2241. (*Id.* at 2). Lastly, Irizarry alleges he is imprisoned in violation of a multitude of statutes. (*Id.*). These errors, Irizarry claims, entitle him

---

[1] In the most recent opinion rejecting Irizarry's collateral attack, the District Court characterized the pending case as Irizarry's *third* collateral attack, the prior two having been filed in 2005 and 2010. *Irizarry*, 2014 WL 7331940, at *1 (D.N.J. 2014). This Court can only identify a total of two—the most recent in 2014 and the original in 2005.

to a "setoff" in which the Court should "set aside" the judgment of the District Court. (*Id*.). Irizarry errs.

Though not unfamiliar with the procedure of federal courts, Irizarry's prior experiences have been more directly related to his Indictment and the ancillary civil proceedings. This action, though also related to his convictions, is categorically distinct. The Court recognizes that a *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve Irizarry of his jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a *threshold* matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3). That is the situation here. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (court may act *sua sponte* when jurisdiction lacking) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). This Court resolves disputes over access to the federal government's wallet. The Tucker Act is the primary statute conferring jurisdiction on this Court. The Tucker Act waives sovereign immunity for claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. *Ontario Power Generation, Inc. v. United States*, 369 F.3d 1298, 1301 (Fed. Cir. 2004); *see also United States v. Navajo Nation*, 556 U.S. 287 (2009); *United States v. Mitchell*, 463 U.S. 206 (1983). Standing alone, however, the Tucker Act itself does not create a substantive right enforceable against the United States. *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007). To come within jurisdictional reach, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

A constitutional provision or statute is money mandating if it "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2007) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). None of the Constitutional provisions under which Irizarry claims entitlement to relief are money mandating. Article I, Section 8, clause 10 provides: "The Congress shall have Power . . . To define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." Article I, Section 8, clause 17 provides for Congressional authority over federal property including "for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." Article IV, Section 2, clause 2 is likewise unavailing. It provides: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State." *Id.* Lastly, Irizarry's reliance on Article VI is misplaced. Article VI deals with the debts incurred by the United States prior to enactment of the Constitution, the supremacy clause, the requirement of oaths, and the prohibition against religious tests for public officers. *See* U.S. Const. art. IV. Moreover, none of the provisions of the Amendments cited by Irizarry can be

construed as mandating financial compensation. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amend.); *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997) (Fifth Amend. Due Process); *Gable v. United States*, 106 Fed. Cl. 294, 298 (2012) (citing *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981)) (Sixth Amend.); *Gibson v. United States*, 121 Fed. Cl. 215 (2015) (citing *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007)) (Thirteenth Amend.).

Irizarry's extensive citations to various statutes is no more compelling than his catalogue of constitutional provisions. The criminal code provisions relied upon by Irizarry define the territorial jurisdiction of the United States (18 U.S.C. §§ 5, 7), the United States courts and their powers (18 U.S.C. §§ 23, 3041), the contents of detention orders (18 U.S.C. § 3142(i)), the jurisdiction of United States courts in criminal cases (18 U.S.C. § 3231), and application of the sentencing guidelines. (18 U.S.C. § 3553(b)). These statutes provide no basis for inclusion within the circumscribed jurisdiction of this Court. Irizarry's remaining reference to 28 U.S.C. § 2241(c)(3) is simply the codification of the "great writ" and likewise does not confer jurisdiction upon this Court.[2] Put simply, Irizarry's Complaint is not a dispute over monies owed by the government. Where, as here, the Constitutional and statutory provisions relied upon by a plaintiff are not money-mandating, the Court of Federal Claims lacks jurisdiction and the Complaint must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (citing *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Lastly, it is not the role of this Court to review the decisions of the district courts. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352–53 (Fed. Cir. 2015). The frustration of a criminal defendant, repeatedly rebuffed in his attempts to garner his forfeited freedom, cannot magnify the role of this Court to bypass those venues where his crimes were tried, and judgment imposed. For the aforementioned reasons, Irizarry's Complaint must be dismissed. The Clerk of the Court is directed to enter judgment accordingly. No costs are awarded.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge

---

[2] *See Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 96 (1807) (first describing the writ of habeas corpus as the "great writ").