NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN JOHNSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1716

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01741-MBH, Senior Judge Marian Blank Horn.

---

**ON MOTION**

---

PER CURIAM.

**O R D E R**

Steven Johnson appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction and moves for leave to proceed *in forma pauperis*. We summarily affirm.

Mr. Johnson sued the United States in the Court of Federal Claims seeking five million dollars for medical

malpractice, cyberbullying, "injustice," and violations of his civil rights, including false imprisonment, and violations of the Privacy Act. The United States moved to dismiss for lack of subject matter jurisdiction, and the Court of Federal Claims granted the motion.

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to monetary claims not sounding in tort against the United States based on a source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citations and internal quotation marks omitted). Here, the Court of Federal Claims properly determined that it lacked jurisdiction to hear Mr. Johnson's claims.

The false imprisonment, malpractice, and cyberbullying claims, the Court of Federal Claims properly held, sound in tort, and are thus outside the Tucker Act grant of jurisdiction. The Court of Federal Claims was likewise correct that Mr. Johnson cannot sue in that court for violations of the civil rights statutes that Mr. Johnson identified or the Privacy Act. *See Shelden v. United States*, 742 F. App'x 496, 501–02 (Fed. Cir. 2018) (noting claims for violations of the Civil Rights Act vest exclusively in the federal district courts under 28 U.S.C. § 1343(a)(4)); *see also* 5 U.S.C. § 552a(g)(1) (granting federal district courts jurisdiction in matters under the Privacy Act); *Conner v. United States*, 641 F. App'x 972, 975 (Fed. Cir. 2016) (concluding that there is no Tucker Act jurisdiction over Privacy Act claims). Finally, Mr. Johnson's vague claim of "injustice" was not premised on any specific source of substantive law that imposed a money-mandating obligation on the United States.

Because Mr. Johnson's brief does not identify any legal error in the dismissal order and because the merits of the parties' positions are so clear "that no substantial question regarding the outcome of the appeal exists," we summarily

affirm the trial court's judgment on appeal.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the United States Court of Federal Claims is summarily affirmed.

(2)  The motion for leave to proceed *in forma pauperis* is denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

July 13, 2023                              /s/ Jarrett B. Perlow
    Date                                  Jarrett B. Perlow
                                                 Clerk of Court